FILED

DEC - 5 2007

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07CR316-MHT |
| | ) | [18 USC 922(g)(1)] |
| CURTIS JULIUS | ) | |
| a/k/a Pickle | ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1

On or about May 1, 2007, in Montgomery County, within the Middle District of Alabama,

CURTIS JULIUS,
a/k/a Pickle,

defendant herein, having been convicted of the following felony offense, a crime punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

> March 30, 2006, Robbery III, case number CC 2006-001205, in the Circuit Court of Montgomery County, Alabama;

did knowingly possess in and affecting commerce firearms, to-wit:

1) a TDI Arms, AK-47, 7.62 mm rifle, a better description of which is unknown to the grand jury;

2) a Rossi, Model M 38, .38 caliber revolver, a better description of which is unknown to the grand jury,

in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION

A.   Count 1 of this indictment is hereby repeated and incorporated herein by reference.

B.  Upon conviction for the violation of Title 18, United States Code, Section 922(g)(1), as alleged in Count 1 of this indictment the defendant,

CURTIS JULIUS,
a/k/a Pickle,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of these offenses, including but not limited to the following:

1)  a TDI Arms, AK-47, 7.62 mm rifle, a better description of which is unknown to the grand jury;

2)  a Rossi, Model M 38, .38 caliber revolver, a better description of which is unknown to the grand jury.

C.  If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1)  cannot be located upon the exercise of due diligence;

(2)  has been transferred, sold to, or deposited with a third person;

(3)  has been placed beyond the jurisdiction of the court;

(4)  has been substantially diminished in value; or,

(5)  has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the property described above.

All in violation of Title 18, United States Code, Section 922.

A TRUE BILL:

_____
Foreperson

_____
John T. Harmon
Assistant United States Attorney

_____
Matthew W. Shepherd
Assistant United States Attorney