IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:07cr316-MHT |
| CURTIS JULIUS | ) | (WO) |

OPINION AND ORDER

A huge percentage of the incarcerated population in this country suffers from mental illness.  See, e.g., U.S. Department of Justice, Bureau of Justice Statistics Special Report: Mental Health Problems of Prison and Jail Inmates, http://bjs.ojp.usdoj.gov/content/pub/pdf/mhppji.pdf (2006) (noting that half of all inmates had a mental-health problem, including 45 % of federal prisoners). Judges often experience frustration at their own perceived powerlessness to effect more appropriate outcomes for the mentally ill individuals who come before them.  However, federal law does provide some tools to evaluate and address mental illness among criminal

defendants.  This case is about one such tool that has, perhaps, been under-utilized: 18 U.S.C. § 4244.

Section 4244 "allows for hospitalization rather than mere imprisonment for a defendant who requires inpatient mental-health treatment."  United States v. Hollon, 2012 WL 5498002 at *2 (M.D. Ala. 2012) (Thompson, J.). Section 4244 provides that either party, or the court, may move for a "hearing on the present mental condition of the defendant if the motion is supported by substantial information indicating that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility."  18 U.S.C. § 4244(a).

On May 8, 2014, defendant Curtis Julius pleaded guilty to four violations of his supervised release. Julius has moved the court for a psychiatric or psychological evaluation pursuant to § 4244.  The government does not object.

As a threshold matter, because neither Julius nor the government has challenged the applicability of § 4244 to supervised-release revocation proceedings like this one, the court need not question its applicability either. See United States v. Galione, 305 F. App'x 785, 786 (2d Cir. 2009) (affirming judgment hospitalizing defendant pursuant to § 4244 for violation of supervised release, but not addressing the question of whether § 4244 applies in such cases); United States v. Czubaj, 85 F. App'x 477, 479 (6th Cir. 2004) (rejecting defendant's argument in revocation proceedings that he should have been hospitalized pursuant to § 4244 based on lack of evidence, but not considering applicability of section to such proceedings). Nevertheless, it worth noting that the language of the statute itself is somewhat ambiguous: It applies to "A defendant found guilty of an offense," 18 U.S.C. § 4244(a), and the term "offense" could refer either to only new criminal offenses or also to violations of supervised release. The latter reading is

a reasonable one. "It seems clear that a violation of supervised release is ... a separate 'offense,'" United States v. Bermudez, 974 F.2d 12, 13 (2d Cir. 1992). Moreover, in the alternative, even if § 4244 does not explicitly apply to revocation proceedings, the court could reasonably follow the same procedures set forth in that section by analogy. See United States v. Avery, 328 F. Supp. 2d 1269, 1272 (M.D. Ala. 2004) (Thompson, J.) (superseded by statute, Pub.L. 109-248, Title III, § 302(2), 120 Stat. 619 (2006)). The court will therefore turn to the merits under § 4244.

Julius's conduct, both underlying this case and in other incidents, suggests that he is seriously disturbed. Among the charges in the instant revocation proceeding, to which he has pleaded guilty, was a new criminal violation, namely discharging a firearm into an occupied residence. The supervised-release violation report prepared by the Probation Department in this matter indicates that Julius got into an argument with an

ex-girlfriend, and, when she would not let him into her house and told him she was calling the police, he fired five rounds from a handgun, four of which entered the house. No one was harmed, but the woman's five minor children were present at the time.

This appears to fit with a pattern of prior conduct. In 2008, he was convicted of discharging a firearm into an occupied residence, where three children lived. In 2007, he was convicted of robbing a woman in her home at gunpoint. His prior federal conviction, which resulted in the imposition of the term of supervised release at issue in this case, was for being a felon in possession of a firearm. He also has two sets of pending state-court charges: one related to the same conduct underlying this case, and the other for allegedly threatening a woman at gunpoint when she tried to keep Julius from bringing her son to shoot at another individual's house. In considering this history, the probation officer indicated that Julius's prior sentences apparently "did

not have a deterrent effect" and that Julius has an "astonishing lack of ability to follow the law".

The question is whether this pattern of violence can be explained, at least in part, by mental illness and whether that mental illness can be treated.  Julius was evaluated on August 1, 2012, by Kale E. Kirkland, Ph.D., a licensed psychologist and certified forensic examiner.  Dr. Kirkland diagnosed Julius with posttraumatic stress disorder, as well as antisocial personality disorder.  Kirkland Report, Defense Exh. 1, at 3.  In particular, the report noted that Julius experienced "significant distress" as a result of "several traumatic events," and that he reported "frequent nightmares, flashbacks, depression, social isolation, ... being easily startled, hypervigilance and both social and occupational dysfunction."  Id. at 2.

Based upon Dr. Kirkland's report as well as the presentence-investigation report and supervised-release violation report in this case, the court is "of the

6

opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." 18 U.S.C. § 4244(a). Therefore, the court will hold a hearing pursuant to § 4244(c).

Section 4244 authorizes the court to order a psychiatric or psychological evaluation prior to the hearing, pursuant to 18 U.S.C. § 4247(b) and (c). 18 U.S.C. § 4244(b). For the purposes of that examination, the court may commit the defendant for a reasonable period, not to exceed 30 days; the director of the facility to which the defendant is committed may thereafter apply for a reasonable extension, not to exceed 15 days. 18 U.S.C. § 4247(b). The resulting report should address the matters set forth in 18 U.S.C. § 4247(c). See 18 U.S.C. § 4244(b). In addition, "if the report includes an opinion by the examiners that the defendant is presently suffering from a mental disease or

7

defect but that it is not such as to require his custody for care or treatment in a suitable facility, the report shall also include an opinion by the examiner concerning the sentencing alternatives that could best accord the defendant the kind of treatment he does need." Id. The court will order Julius committed to the Bureau of Prisons for an evaluation pursuant to § 4244(b).

Upon the completion of the evaluation, the court will hold the hearing pursuant to § 4244(c). "[I]f the court finds by a preponderance of the evidence that the defendant is suffering from a mental disease or defect and should be committed to a facility for treatment in lieu of incarceration, then the court may commit the defendant to the custody of the Attorney General, who will hospitalize him." Hollon, 2012 WL 5498002 at *2 (citing § 4244(d)). "Such a commitment constitutes a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which the defendant was found guilty." 18 U.S.C. § 4244(d). If he is so

8

committed, a defendant "may be released from the hospital when the director of the facility determines that he no longer requires inpatient care." Hollon, 2012 WL 5498002 at *2 (citing 18 U.S.C. § 4244(e)).  "At that time, if the provisional sentence imposed has not yet expired, then the court will proceed to sentencing and can modify the provisional sentence according to the Sentencing Guidelines." Id.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Curtis Julius's motion for a psychiatric or psychological evaluation pursuant to 18 U.S.C. § 4244 (Doc. No. 76) is granted.

(2) The United States Marshal for this district shall immediately remove defendant Julius to the custody of the Attorney General for placement in a suitable facility where he is to be committed for the purpose of being

examined for a reasonable period not to exceed 30 days by a licensed or certified psychiatrist or psychologist pursuant to the provisions of 18 U.S.C. § 4244(b) and § 4247(b) & (c).  The director of the facility at which Julius is evaluated may thereafter apply for a reasonable extension, not to exceed 15 days.

(3) The clerk of the court shall arrange for the evaluation report prepared in this matter by Kale E. Kirland, Ph.D., as well as the presentence-investigation report and the supervised-release violation report, to accompany defendant Julius to the Bureau of Prisons.

(4) A psychiatric or psychological report shall be filed with the court pursuant to the provisions of 18 U.S.C. § 4244(b) and § 4247(b) & (c). If the report includes the opinion that defendant Julius is suffering from a mental disease or defect but that he does not require custody for care or treatment in a suitable facility, the report shall also include, pursuant to 18 U.S.C. § 4244(b), an opinion by the examiner concerning

the sentencing alternatives that could best accord the defendant Julius the kind of treatment he does need.

DONE, this the 12th day of May, 2014.

                                /s/ Myron H. Thompson  
                         UNITED STATES DISTRICT JUDGE